**Stephen J. Joncus**, OSB No. 013072
JONCUS LAW LLC
P.O. Box 838
Clackamas, Oregon 97015
917.236.1200
steve@joncus.net

*Attorney for Plaintiff*
*BOYDSTUN EQUIPMENT*
*MANUFACTURING, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BOYDSTUN EQUIPMENT MANUFACTURING, LLC**, an Oregon limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>**Cottrell, Inc.**, a Georgia corporation,<br><br>          Defendant. | 3:16-cv-790<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Boydstun Equipment Manufacturing, LLC ("Boydstun") brings this action against Defendant Cottrell, Inc. ("Cottrell") and complains as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that Boydstun does not infringe any claim of United States Patent No. 7,585,140 ("the '140 patent"). A true and correct copy of the '140 patent is attached as Exhibit A.

2. Cottrell is the purported assignee of the '140 patent.

3. As a result of Cottrell's communications to Boydstun, Boydstun is under reasonable apprehension of suit by Cottrell. Boydstun does not infringe and has not infringed the '140 patent.

## THE PARTIES

4. Boydstun is a limited liability company organized under the laws of the state of Oregon with its principle place of business at 8811 SE Herbert Court, Clackamas, Oregon 97015.

5. On information and belief, Defendant Cottrell, Inc. is a corporation organized under the laws of Georgia, with its principle place of business at 2125 Candler Road, Gainesville, Georgia 30507. Cottrell regularly conducts business in the State of Oregon.

## JURISDICTION

6. This Complaint is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. As discussed in detail below, declaratory judgment jurisdiction is proper because there is a case or controversy between Boydstun and Cottrell.

Jurisdiction is proper in this Court pursuant to 28 §§ U.S.C. 1331 and 1338(a), because this action arises under the patents laws of the United States.

7.  The Court has personal jurisdiction over Cottrell. Cottrell is the largest producer of commercial car haulers in the United States. Cottrell is the largest seller of commercial car haulers in the state of Oregon.

8.  Cottrell maintains continuous and systematic contacts with this judicial district and regularly conducts business within this judicial district. For instance, Cottrell continuously markets and sells commercial car haulers in Oregon. Cottrell's Northwest dealer is TEC Equipment Auto Transport Sales, located at 9414 NE Vancouver Way, Portland, Oregon ("TEC Equipment"). On information and belief, TEC Equipment is one of the largest dealers of Cottrell commercial car haulers in the United States. In addition to being an authorized sales agent of Cottrell, TEC Equipment is also an authorized supplier of Cottrell parts and a Cottrell Authorized Warranty Repair Center.

9.  This court has personal jurisdiction over Cottrell at least through its continuous and systematic contacts with this judicial district.

10. Cottrell and Boydstun have a litigation history in patent disputes. In 2006, Boydstun Metal Works and Cottrell engaged in three separate patent infringement actions in Oregon and Georgia.

11. Boydstun Metal Works' business ended in bankruptcy in 2009 due to the effects of the 2008 financial crisis. Boydstun Equipment Manufacturing is now

trying to get back into the market of manufacturing and selling commercial car haulers. Cottrell is attempting to prevent Boydstun from being successful.

12. On March 31, 2016, counsel for Cottrell sent a letter to Boydstun accusing Boydstun of infringing the '140 patent. Cottrell's letter demanded that within two weeks Boydstun agree to immediately cease the alleged infringement.

13. On April 11, 2016, counsel for Boydstun responded with an explanation of why Boydstun did not infringe the '140 patent.

14. On April 18, 2016, counsel for Cottrell wrote in its second letter that "Nothing in your April 11 letter causes Cottrell to re-think its allegations that Boydstun infringes at least claims 1 and 8" of the '140 patent.

15. Based on the foregoing communications and the litigation history between the parties, a substantial controversy exists between the parties of sufficient and immediacy and reality to warrant the issuance of a declaratory judgment. Hence, an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.

## COUNT 1
### (Non-Infringement of U.S. Patent No. 7,585,140)

16. Boydstun realleges and incorporates by reference paragraphs 1 through 15, as though fully set forth herein.

17. Cottrell claims to be the owner of all right, title and interest in the '140 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

18. The use, manufacture, offer for sale and sale of Boydstun's products does not infringe either directly, or indirectly, by inducing or contributing to the infringement of, any claim of the '140 patent either literally or under the doctrine of equivalents.

19. An actual and justiciable controversy exists between Boydstun and Cottrell as to Boydstun's non-infringement of the '140 patent.

20. Pursuant to the Federal Declaratory Judgment Act, Boydstun is entitled to a judgment that Boydstun does not infringe, under any theory of infringement, any claim of the '140 patent.

## PRAYER FOR RELIEF

WHEREFORE, Boydstun prays that the Court enter judgment as follows:

(a) Declaring that Boydstun does not infringe either directly, or indirectly by inducing or contributing to the infringement of, literally or by the doctrine of equivalents, any claim of the '140 patent;

(b) Declaring that Cottrell and its officers, agents, employees, representatives, counsel, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting or continuing any action for infringement of the '140 patent against Boydstun, its suppliers, customers, distributors, or users of its products;

(c) Declaring this case an exceptional case under 35 U.S.C. § 285;

(d) Awarding Boydstun its costs and reasonable attorneys' fees; and

(e) Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 6, 2016                     JONCUS LAW LLC

By:    s/ *Stephen J. Joncus*
**Stephen J. Joncus**, OSB No. 013072
P.O. Box 838
Clackamas, Oregon 97015
917.236.1200
steve@joncus.net

*Attorney for Plaintiff*
*BOYDSTUN EQUIPMENT*
*MANUFACTURING, LLC*