IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BOYDSTUN EQUIPMENT MANUFACTURING, LLC**, an Oregon limited liability company<br><br>Plaintiff,<br><br>v.<br><br>**Cottrell, Inc.**, a Georgia corporation,<br><br>Defendant. | Case No. 3:16-cv-790-SI<br><br>**OPINION AND ORDER** |

Stephen J. Joncus, JONCUS LAW LLC, P.O. Box 838, Clackamas, Oregon 97015. Of Attorneys for Plaintiff.

J. Peter Staples, CHERNOFF VILHAUER LLP, 111 SW Columbia Street, Suite 725, Portland, Oregon 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      This patent dispute concerns the design of ratcheting tie-down systems used as part of, or with, car-hauling and cargo trailers. Plaintiff Boydstun Equipment Manufacturing, LLC brings an action seeking a declaratory judgment that it is not infringing on a patent owned by Defendant Cotrell, Inc. Defendant moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction. For the reasons discussed below, Defendant's motion is DENIED.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

The parties' dispute stems from a series of correspondence that took place between Plaintiff and Defendant. On March 31, 2016, Defendant sent Plaintiff a demand letter, in which Defendant accused Plaintiff's Rapid Ratchet™ winch of infringing on Defendant's Patent No. 7,585,140 (the "'140 Patent"). The letter demanded that Plaintiff "immediately cease advertising, promoting, manufacturing, selling, or installing the 'Rapid Ratchet winch' as part of, or for use with, any car-haul or cargo trailers." ECF 10 at 4. The letter further stated that if Plaintiff did not agree to cease and desist by April 15, 2016, Defendant "reserves the right to pursue all available remedies, including past damages." *Id*. at 5.

Plaintiff responded to Defendant's letter on April 11, 2016, explaining why Plaintiff believed the Rapid Wrench™ did not infringe on the '140 Patent. Defendant responded in a letter dated April 18, 2016, disagreeing with Plaintiff's assertion that its product does not infringe on the '140 Patent. In this letter, Defendant welcomed any evidence Plaintiff was willing to provide to support its assertion of non-infringement. The letter also reiterated Defendant's demand that Plaintiff cease and desist advertising, manufacturing, selling, and installing its allegedly infringing product. Plaintiff did not respond to this letter.

On May 6, 2016, Plaintiff brought this suit pursuant to the Declaratory Judgment Act ("Act"), 28 U.S.C. § 2201, seeking a declaration that the Rapid Wrench™ does not infringe on Defendant's '140 Patent. On August 2, 2016—the same day Defendant received service of process—Defendant sent Plaintiff another letter (the "third letter"). In that letter, Defendant restated its hope that the matter could be resolved without the need for litigation, but also reiterated Defendant's belief that Plaintiff's product infringed on claims one and eight of the '140 Patent. Defendant also offered to "enter into a stipulated protective order with enforcement

provisions, similar to the one previous *[sic]* entered by the parties, where product information provided by Boydstun is outside attorneys' eyes only." ECF 15 at 4 (quotation marks omitted).

Plaintiff filed a First Amended Complaint ("FAC") on September 12, 2016. ECF 10. On October 28, 2016, Defendant filed a Motion to Dismiss (ECF 15) pursuant to Federal Rule Civil 12(b)(1) for lack of subject matter jurisdiction.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th 2013) (quoting *Safe Air for*

PAGE 3 – OPINION AND ORDER

*Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

## DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction because the facts existing at the time Plaintiff filed the FAC do not give rise to a justiciable "case or controversy"—a requirement of the Act. The Act provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. In discussing the case or controversy requirement of the Act, the Court of Appeals for the Federal Circuit has noted:

> The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. Rather, it provides a remedy available only if the court has jurisdiction from some other source. Such jurisdiction is limited by Article III of the Constitution, which restricts federal judicial power to the adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2. The Declaratory Judgment Act's requirement of "a case of actual controversy" simply affirms this Constitutional requirement, having long been interpreted as referring to any case and controversy that is justiciable under Article III. Thus, as long as the suit meets the case or controversy requirement of Article III, a district court may have jurisdiction over a declaratory judgment action.

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) (citations and footnote omitted).

In arguing that no case or controversy exists, Defendant asserts that "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." ECF 15 at 5 (quoting *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)). Defendant further argues that it is the complaint under consideration, even if amended, that is the proper focus for determining jurisdiction. *See Prasco*, 537 F.3d at 1337; *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) (noting that when a plaintiff withdraws allegations it can defeat jurisdiction "unless [the allegations] are replaced by others that establish jurisdiction. Thus, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction"). Based on its argument that the focus should be on the facts existing at the time of the FAC, Defendant asserts that the third letter it sent to Plaintiff—which was sent to Plaintiff before the FAC was filed—removes any case or controversy between the parties. Defendant notes that the third letter was "quite different in tone and content" from the first two letters, and thus Defendant's offer of a stipulated protective order and repeated expressions of hoping to avoid litigation have evaporated any case or controversy that might have existed. ECF 18 at 7.

In response, Plaintiff asserts that Defendant's understanding of the law is incorrect. Plaintiff argues that the Court should look to the facts existing at the time it filed its original complaint, because "[i]t has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought," and "[t]his time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure."

ECF 17 at 2-3 (quoting *Matthews Int'l v. Biosafe Eng'g*, 695 F.3d 1322, 1331 (Fed. Cir. 2012) and *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004)). Thus, the state of things at the time of the original filing—Defendant sending Plaintiff two strongly worded demand letters—indicate that a case or controversy is present. Plaintiff argues in the alternative that even if the Court considers the third letter in its analysis, a finding of an active case or controversy is still warranted.

The dispute of whether the Court should look to the state of things at the time of the original complaint or at the time of the FAC to determine whether a case or controversy exists need not be resolved at this time. The Court finds that, even considering Defendant's third letter, a case or controversy exists between the Parties sufficient to confer jurisdiction to the Court.

In analyzing whether a case or controversy exists when a declaratory judgment plaintiff brings a claim in a patent dispute, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Generally, the Supreme Court has affirmed declaratory judgment jurisdiction when the parties had taken adverse positions with regard to their obligations, each side presenting a concrete claim of a specific right prior to the suit." *Prasco*, 537 F.3d at 1339 (quotation marks citation omitted). The parties have done so in this case.

Considering the totality of the circumstances, Defendant's demand letters, including the third letter, unequivocally accused Plaintiff of infringing on the '140 Patent. In response to Defendant's first demand letter, Plaintiff explained why it believed that the Rapid Wrench™ is

not infringing on Defendant's '140 Patent. In doing so, Plaintiff presented a concrete claim that it has the right to manufacture, market, and sell the Rapid Wrench™. The fact that after Defendant became aware of Plaintiff filing suit, Defendant offered to stipulate to a protective order and took a more conciliatory tone in its third letter does not belie the fact that there remains a substantial controversy of sufficient immediacy between the parties. Defendant's first two demand letters unambiguously sounded the bell of a patent dispute and Defendant cannot unring that bell by claiming it has now softened its tone toward Plaintiff. Although written in a less adversarial tone, Defendant's third letter does not erase the allegations made in the first two letters.

Seemingly, Defendant "is engaging in the kinds of extra-judicial patent enforcement with scare-the-customer-and-run tactics that the Declaratory Judgment Act was intended to obviate." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007) (quotation marks omitted). Moreover, Defendant's stated hope that its patent dispute with Plaintiff can be resolved without the need for litigation does not remove the controversy between Plaintiff and Defendant. *See id.* (finding that a party's promise not to sue over a patent dispute "does not moot the actual controversy created by [that party's] acts").

Defendant's third letter claims that "the video on Boydstun's website demonstrates that Boydstun's 'Rapid Ratchet' meets every element of claim 1 [and] . . . claim 8 of the '140 Patent." ECF 16-4 at 1. Thus, in this letter Defendant has not abandoned its charge of patent infringement. Accordingly, Defendant's argument is without merit. *See SanDisk*, 480 F.3d at 1381 (holding that "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise"); *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96 (1993) ("If . . . a party has actually been

PAGE 7 – OPINION AND ORDER

charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support jurisdiction of a complaint . . . ." (emphasis in original)).

## CONCLUSION

Defendant's motion to dismiss (ECF 15) is DENIED.

**IT IS SO ORDERED**.

DATED this 20th day of December, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
